IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SHAUN TREMAIN MATTHEWS, #1163496 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-327 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Shaun Tremain Matthews, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1).  Respondent filed a Motion for Summary Judgment seeking the dismissal of Petitioner's writ because it is time barred (Instrument No. 10).  Petitioner filed an Response. (Instrument No. 12).  Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254.  The State has custody of Petitioner pursuant to a judgment and sentence entered by the 405th District Court of Galveston County, Texas in Cause No. 02-CR-0944, on March 6, 2003. Petitioner was charged with aggravated assault with a prior felony conviction alleged for purposes of enhancement.  State Records ("S.R.") at 37-38.  After hearing all the evidence a jury found Petitioner guilty as charged.  After finding the enhancement allegation to be true, Petitioner was sentenced to life imprisonment.  S.R. at 39-46.  Petitioner appealed his conviction.  The Thirteenth Court of Appeals affirmed his conviction on July 1, 2004.  *Matthews v. State*, No. 13-03-245-CR

1

(Tex.App.–Corpus Christi 2004).  The Texas Court of Criminal Appeals refused his Petition for

Discretionary Review ("PDR") on December 1, 2004.  *Matthews v. State*, No. 1205-04.

On January 3, 2006,[1]  Petitioner filed a state writ of habeas corpus pursuant to Article 11.07

of the Texas Code of Criminal Procedure, which was later denied by the Texas Court of Criminal

Appeals on March 1, 2006.  *Ex parte Matthews*, Applic. No. WR-64,107-01.  Petitioner filed the

instant writ on May 12, 2006.[2]  The grounds Petitioner raises in his federal habeas corpus writ all

arise out of his conviction.  Pet'r Writ at 6-7; Pet'r Memo. in Support of Writ at 9-12; 13-14.

*Statutory Limitations Issue*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year

limitation period for state prisoners filing federal habeas corpus petitions.  28 U.S.C.A. § 2244(d)(1);

*see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001)

(recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions).

The statute provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[1] Mailbox rule does not apply to state court writs.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

[2] This is the date that Petitioner declares he placed the writ in the prison mailing system. Pet'r Writ. at 9.  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented         could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall         not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(1)-(2). Petitioner does not satisfy any of exceptions (B), (C) or (D) to the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1)(B)-(D).[3]   Accordingly, the one-year limitations began on the date the judgment in this case became final. 28 U.S.C. § 2244(d)(1)(A).

The judgment against Petitioner became final on March 2, 2005.[4] Under the AEDPA, unless tolled, Petitioner had until March 2, 2006, to file a federal writ of habeas corpus. When Petitioner filed his state writ on January 3, 2006,[5] statutorily tolling the limitations period, he had used 307 days of the limitations period. The limitations period remained tolled during the pendency of his state writ. 28 U.S.C.A. § 2244(d)(2). The limitations period, however, resumed after the Texas

---

[3] Petitioner appears to allege in his Response that the Texas Court of Criminal Appeals is partly to blame if he is time barred because it did not make a ruling on his motion to strike the State's Response as an ex parte communication or provide him an evidentiary hearing (Pet'r Resp. at 3), but these claims do not amount to state action under 28 U.S.C § 2244(d)(1)(B), and during the pendency of his state writ, the limitations period was tolled.

[4] Petitioner's judgment became final 90 days after the Texas Court of Criminal Appeals refused his PDR on December 1, 2004. 28 U.S.C § 2244(d)(1)(A); *see also, Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999) (judgment becomes final when the time for seeking discretionary review (*i.e.,* petition for writ of certiorari) expired).

[5] *Supra* note 2.

3

Court of Criminal Appeals denied his state writ on March 1, 2006.  Petitioner had 58 days remaining

of the limitations period, or until April 28, 2006, to file his federal writ.  Petitioner's federal writ was

not filed until May 12, 2006.[6]  Therefore, unless equitably tolled, Petitioner's federal writ is time

barred by the one-year limitations period.

    *Equitable Tolling Issue*

    The one-year limitations period is subject to equitable tolling, but only in "rare and

exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526

U.S. 1074 (1999).  Equitable tolling is not available if the petitioner does not act diligently in

attempting to meet the one year limitations deadline.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th

Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  Moreover, the Fifth Circuit has approved of

equitable tolling in very limited circumstances, "principally where the plaintiff is actively mislead

by the defendant upon the cause of action or is prevented in some extraordinary way from asserting

his rights." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003)

(quoting *Coleman*, 184 F.3d at 402); *but see*, *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th

Cir. 1996) (application of equitable tolling is not warranted for "garden variety claims of excusable

neglect.").  Although the Fifth Circuit has also recognized that mental illness may support a tolling

of the AEDPA statutory time period, such mental illness must render the petitioner unable to pursue

his legal rights during the relevant time period.  *Fisher*, 174 F.3d at 715-16.  Accordingly, a court

must not only be convinced that a mental condition existed at the time, but that the condition was

an impediment to filing in a timely manner.  *See id.*  A petitioner bears the burden of proof and

---

[6] *Supra* note 3.

4

"must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner alleges that he is entitled to equitable tolling because he has "serious mental problems and seizures which he was born with." Pet'r Resp. at 3. In particular, Petitioner alleges that he is a paranoid schizophrenic, for which he also takes medication, and also states that he takes medication for his seizure condition.[7] Petitioner contends that the "main reason for the months that elapsed during 2005, have a lot to do with 5 document[ed] seizures" he had on the Beto One Unit during 2005. Pet'r Resp. at 3. However, other than his conclusory allegations, Petitioner provides no basis for this Court to conclude that his mental state was so impaired during the relevant time (*i.e.*, March 2005 through April 2006) that he could not pursue his legal remedies before the one-year limitations period expired in April 2006. *See Fisher*, 174 F.3d at 715-16 (refusing to grant equitable tolling for a prisoner who was mentally ill and confined with no access to legal materials or eyeglasses, leaving him legally blind); *see generally, Aragon v. Dretke*, 4-04-CV-607-Y, 2005 WL 43973 at *1 (N.D. Tex. Jan. 6, 2005) (petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during the relevant time period); *see also Hughes v. Cockrell*, No. 3:01-CV-2256-L, 2003 WL 21510812 at *4 (N.D. Tex. Mar. 31, 2003) (rejecting claim that IQ of 81, standing alone, entitled petitioner to equitable tolling).

Petitioner does not identify any other grounds for equitable tolling and the record discloses none. It is well settled that ignorance of the law and lack of legal assistance, even for an

---

[7]Petitioner submits no documentation that confirms his diagnosis of paranoid schizophrenia, his seizure disorder, or the medications prescribed for these conditions.

incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000); *Fisher*, 174 F.3d at 714. The Court therefore **RECOMMENDS** that the Petition be **DISMISSED**.

<u>CONCLUSION</u>

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 10) be **GRANTED**; Petitioner's "Motion for Discovery" and his "Motion for an Evidentiary Hearing," both of which are contained within his Writ (Instrument No. 1) be **DENIED**; and the Petition for a Writ of Habeas Corpus of Shaun Tremain Matthews (Instrument No. 1) be **DISMISSED** as time-barred.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **November 6, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____17th_____ day of October, 2006

_____

John R. Froeschner
United States Magistrate Judge

6