IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| SHAUN TREMAIN MATTHEWS, #1163496 § | |
| § | |
| v.  § | CIVIL ACTION NO. G-06-327 |
| § | |
| § | |
| NATHANIEL QUARTERMAN, § | |
| DIRECTOR OF TDCJ-CID § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge that was entered on October 17, 2006, recommending the dismissal of Petitioner's federal habeas writ on the basis that it was time barred and that equitable tolling was not warranted. Petitioner filed objections to the Report and Recommendation, asserting that his medical and mental health records would bear out his claim that he was entitled to equitable tolling, and requesting additional time to obtain these records. Petitioner was given additional time, but he then asserted that he was prevented from obtaining his medical and mental health records. In order fully and fairly evaluate this matter, the Court ordered Respondent to obtain and file, under seal, Petitioner's medical and mental health records for the relevant time period. Respondent submitted the records under seal and also filed a response to Petitioner's claim for equitable tolling. (Instrument Nos. 19 & 21). Petitioner was provided the records and given an opportunity to respond (Instrument Nos. 20, 23, 24). This Court, having now reviewed the records submitted, as well as the parties' responses, finds no support for Petitioner's claims that his conditions were an impediment to his filing in a timely manner. *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). Petitioner bears the burden of proof on this issue and this Court concludes he has failed to demonstrate the existence of either rare or exceptional

circumstances to warrant the application of equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Accordingly, having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), and considering this Court finds that the Report and Recommendation is correct and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

It is **ORDERED** that Petitioner's "Motion for Discovery" and his "Motion for an Evidentiary Hearing," both of which are contained within his Writ (Instrument No. 1) are **DENIED**. It is further **ORDERED** that the Respondent's Motion for Summary Judgment (Instrument No. 10) is **GRANTED** and the Petition for a Writ of Habeas Corpus of Shaun Tremain Matthews (Instrument No. 1) is **DISMISSED** as time-barred.

**DONE** at Galveston, Texas this 20th day of March, 2007.

Samuel B. Kent
United States District Judge